O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DEBRA COOPER,                          )     CASE NO. ED CV 08-01161 (RZ)
                                       )
                    Plaintiff,         )
                                       )     MEMORANDUM OPINION
            vs.                        )     AND ORDER
                                       )
MICHAEL J. ASTRUE, Commissioner        )
of Social Security,                    )
                                       )
                    Defendant.         )
_____    )

          After numerous Social Security applications and several trips to this Court,
Plaintiff Debra Cooper returns, challenging the Commissioner's latest denial of her
disability claims.   The latest denial came after the Court remanded the matter for
consideration of the lay witness statement of Plaintiff's uncle, in accordance with *Stout v.
Commissioner*, 454 F.3d 1050 (9th Cir. 2006).   [AR 838-43]   After the remand, the
Commissioner consolidated the case with a further application, and denied both.

          The Administrative Law Judge did not err in rejecting the statement of
Plaintiff's uncle.   Unneeded sarcasm aside, his determination that the statement was
inconsistent with medical opinion was a sound basis for rejecting the statement. *See Lewis
v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001).   Nor did he need to discuss everything within
that statement in order to determine that the statement did not override the medical
determinations.

The Administrative Law Judge also did not err in preferring the opinion of two examining physicians over the assessment of the non-examining state agency physician. The examining physicians' opinions are entitled to greater weight, *Holohan v. Massanari*, 246 F.3d 1195, 1201-03 (9th Cir. 2001), and the basis upon which the Administrative Law Judge preferred them — greater consistency with the underlying medical data — is a sound basis for opting for one medical opinion rather than another. *Batson v. Commissioner*, 359 F.3d 1190, 1195 (9th Cir. 2004). Nor was there need to develop the record further; there was no ambiguity in the evidence sufficient to expand the already-extensive record. *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) (*citing Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001).

Finally, there was substantial evidence of Plaintiff's ability to work given by the testimony of the vocational expert. The vocational expert did not need to augment his hypothetical to include restrictions that were not supported by the record. *Rollins v. Massanari*, 261 F. 3d 853, 863-64 (9th Cir. 2001).

The decision of the Commissioner is affirmed.


DATED:  July 1, 2009


_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE